**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



BECIR HASANDJEKIC,

       Plaintiff,

       v.

KAVULICH & ASSOCIATES, P.C., and
GARY KAVULICH, ESQ.,

       Defendants.

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

## INTRODUCTION

1.     This is an action by an individual consumer for money damages for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and New York General

Business Law § 349 ("GBL § 349"), which prohibits deceptive acts and practices.

    In short, Defendants levied against the bank account of innocent, non-party Plaintiff then

sought to conceal their misconduct by making false statements in litigation papers. Defendants

forced Plaintiff to take an international flight, miss 45 days of work, pay additional rent, and

incur legal fees and costs contending with their frivolous collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 in

that this dispute involves predominant issues of federal law. Defendants violated provisions of

the FDCPA.

3.     Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

4.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    Venue in this district is proper in that Defendants transact business here and the conduct complained of occurred here.

## PARTIES

6.    Plaintiff Becir Hasandjekic ("Mr. Hasandjekic" or "Plaintiff") is a natural person who resided at all relevant times in Kings County, New York.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

8.    Defendant Kavulich & Associates, P.C. ("Kavulich P.C.") is a business entity regularly engaged in the business of collecting debts in the state of New York with its principal place of business located at 181 Westchester Ave., Suite 500C in Port Chester, New York 10573. The principal purpose of Kavulich P.C. is the collection of debts using the mails and telephone, and Kavulich P.C. regularly attempts to collect debts owed or due or alleged to be owed or due to another.

9.    Kavulich P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10.    Defendant Gary Kavulich, Esq. ("Kavulich") is an attorney, and member, shareholder, owner, or associate of the Kavulich P.C. law firm. Kavulich regularly collects consumer debts owed or due or alleged to be owed or due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

11.    All acts done by Kavulich were done on his own behalf and on behalf of Kavulich P.C.

12.    Kavulich P.C., as principle, is liable for the acts of its agent, Kavulich, that were committed within the scope of Kavulich's authority. Kavulich's work was done in furtherance of Kavulich P.C.'s business practice and with Kavulich's apparent or actual authority.

## BACKGROUND

13.    At all times material to this complaint, Kavulich and Kavulich P.C. (jointly,

"Defendants") sought to collect monies allegedly due for breach of a residential rental agreement

for the premises at 2471 84th Street, Apt. B3, in Brooklyn, NY 11214, which was leased to two

individuals, Beqir Hasandjekiq, and his wife, Laze Hasandjekiq.

14.    The alleged debt at issue, residential rent arrears, arose out of a transaction that was

primarily for personal, family or household purposes, and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5) and case law interpreting it.

15.    Defendants, on behalf of their client 84th Realty LLC, brought suit against Beqir

Hasandjekiq and Laze Hasandjekiq in Kings County Civil Court under Index No. 149509-08

("the State Action").  However, Defendants did not make service on the correct person in the

State Action.

16.    Rather, Defendants served – or claimed to have served – Plaintiff Becir Hasandjekic at

his home address at 1620 Ocean Avenue in Brooklyn.  Plaintiff never received a copy of the

summons and complaint by any means, allowing Defendants to obtain a default judgment against

Plaintiff on or around March 5, 2009.

17.    When Defendants executed on their default judgment by garnishing Plaintiff's bank

account at JP Morgan Chase Bank in the amount of $4,355, Mr. Hasandjekic (Plaintiff) finally

learned of the case against Mr. and Mrs. Hasandjekiq, and realized he was a victim of mistaken

identity.

18.    Plaintiff contacted Defendants directly to resolve the mistake, to no avail.  On multiple

occasions over the months and months that followed, Plaintiff, his cousin Jusuf Ahmetaj, and his

sister Jackie Hasandjekaj, each contacted Defendants, trying to convince Defendants to resolve

3

the situation. Plaintiff informed Defendants he had never lived at 2471 84th Street in Brooklyn, that he had never had a lease at that address, and had no idea who the named co-defendant was.

19.     Plaintiff and/or his relatives continued to contact Defendants, offering various items of proof showing that he was not the correct defendant in the State Action; Defendant provided proof of his own address in the form of his then-current lease, as well as a letter from his own landlord stating that his rent for his home address was paid in full. He provided his license, which shows the correct spelling of his name, and which does not match the name of the State Action defendant.

20.     Plaintiff also pointed out to Defendants that their client would have the real renter's Social Security number, and date of birth, which they could compare with his, to confirm they had the wrong man.

21.     After continued entreaties by Plaintiff's cousin, Jusuf Ahmetaj, Mr. Kavulich agreed on or around October 5, 2010, to return the money to Plaintiff. Attached at **Exhibit 1** is an email dated October 5, 2010, from Mr. Kavulich to Mr. Ahmetaj, asking where to send "Becir's check." However, Defendants did not return the money to Plaintiff in October 2010, or thereafter.

22.     Having hit a brick wall, Plaintiff had no choice but to hire an attorney, who helped him file and serve an Order to Show Cause to vacate the default judgment. In his affidavit in support of his Order to Show Cause, submitted to the court on January 13, 2012, Plaintiff swore under oath that:

- he had never lived at 2471 84th Street;

- he had never entered into a lease for 2471 84th Street;

- he had lived at 1620 Ocean Avenue in Brooklyn since 2007, and before that, in Staten Island (and provided proof of same);

4

- upon information and belief, the lease upon which Defendants sought to collect was entered into by a similarly-named relative, Beqir Hasandjekiq, and his wife, Laze Hasandjekiq;

- he had never been married to, or even met, anyone named Laze, and had been happily married to Kumrija Hasandjekic since 2005 (and provided proof of same in the form of his marriage license).

23.    Despite the mountain of evidence provided by Plaintiff showing that the wrong man's account had been garnished, and Kavulich's statement that he knew on October 5, 2010 that Plaintiff was the wrong man, and intended to compensate him, Defendants willfully and in bad faith refused to voluntarily vacate the judgment against the Plaintiff or release the $4,355 it had taken from his bank account.

24.    Instead, the Defendants, who by their own admission were aware as of October 5, 2010 that they had enforced their judgment against the wrong person: 1) allowed the hearing on the Order to Show Cause to be adjourned not once but twice, from the original date of January 27, 2012, to March 8, 2012, and then to April 11, 2012; 2) in bad faith opposed Plaintiff's Order to Show Cause by serving an Affirmation in Opposition (unsigned) on May 5, 2012; and 3) allowed the case go forward to a traverse hearing.

25.    In his Affirmation in Opposition to Plaintiff's Order to Show Cause, ¶ 28, Defendant Kavulich stated "Plaintiff's claims has merit as the Defendant was a tenant at the premises known as 2471 84th Street, Apt. B3, Brooklyn, NY." This statement was made in bad faith because Defendant knew this statement was not true at the time it was made, as evidenced by his October 5, 2010 email indicating he intended to return Plaintiff's money.

26.    On or around May 8, 2012, Plaintiff was able to obtain a "Declaration Letter," signed by the true tenants, who stated positively that they owed the back rent. The letter also provided the

true tenants' dates of birth and the last four digits of their Social Security numbers, leaving no doubt that Defendants had collected their judgment against the wrong man.

27.    The date of birth and Social Security information was available from the files of Defendants' own clients, had they chosen to make a review of the files before taking action against Plaintiff.

28.    Instead, upon information and belief, Defendants did an on-line "People Search" – inexplicably for Mr. Hasandjekic's name, rather than the name of the individual they actually sued, Mr. Hasand**jekiq** – and used the Social Security number obtained in that fashion – the wrong Social Security number – to enforce their judgment, to Plaintiff's detriment.

29.    On the day of the traverse hearing, August 22, 2012, faced with the Declaration Letter and a mountain of other proof, Defendants finally entered into a Stipulation of Settlement with Plaintiff. (See **Exhibit 2**). Under the terms of the Stipulation, the judgment in the State Action was vacated with prejudice as to Plaintiff. The State Action plaintiff was to return to Plaintiff within 30 days the funds it had taken from his account.

30.    Defendants did not return the money to Plaintiff until November 13, 2012, nearly two years after the wrongful levy upon Plaintiff's account.

### FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

31.    Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

32.    Defendants repeatedly violated the FDCPA. Defendants' conduct violated the following sections of the FDCPA: §§ 1692d, 1692e, 1692e(3), 1692e(2)(a), 1692e(2)(b), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

33.    Defendants' actions which violated the FDCPA include but are not limited to the

following:

   a)   Attempting to collect, collecting, and enforcing upon, an alleged consumer debt
        without express authority by agreement or law;

   b)   Persisting in maintaining collection efforts against Plaintiff after the
        Defendants were made aware that Plaintiff was not the debtor;

   c)   Failing to conduct a meaningful attorney review in response to Plaintiff's pleas
        that he had been targeted unlawfully;

   d)   Making false, deceptive, and misleading statements in Kavulich's affirmation in
        opposition dated May 2, 2012;

   e)   Communicating with, intimidating and coercing a third party to pay a debt
        belonging to someone else;

   f)   Engaging in conduct the natural consequence of which is to harass, oppress or
        abuse any person by refusing to voluntarily release the funds wrongfully
        garnished from Plaintiff's bank account, and by opposing the Order to Show
        Cause made in the State Action by Plaintiff when they knew full well, and had
        admitted as much two years earlier, that they had garnished the account of the
        wrong individual; and

   g)   Knowingly using the Social Security number and name of a third party with a
        name similar to the true debtor to force the third party to pay a debt he did not
        owe.

   h)   Taking action, and threatening to take action that cannot legally be taken;

   i)   Serving an unsigned affirmation on Plaintiff's counsel raising the inference that it
        had not been meaningfully reviewed by Kavulich despite its sworn declaration;

   j)   Misrepresenting the character and legal status of the debt; and

   k)   Using false and deceptive means to collect the debt.

34.   As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for

Plaintiff's actual damages, statutory damages, costs and attorney's fees.

35.   Plaintiff's actual pecuniary damages include but are not limited to: interest and fees on

the funds unlawfully taken from Plaintiff's bank account by way of garnishment; counsel fees for

bringing the Order to Show Cause in the State Action, two adjournments and a attend a traverse

hearing; Plaintiff's missed time from work to confer with counsel and attend the traverse

hearing; international travel between New York and Montenegro, to which Plaintiff had moved

by the time of the traverse hearing, taxi costs to and from the respective airports, lodging

expenses for Plaintiff during his stay in New York, and photocopying and mailing costs

associated with defending against the case wrongfully brought against him.

36.     Plaintiff's actual non-pecuniary damages include but are not limited to: sleep deprivation;

anxiety; nervousness; fear; worry; fright; shock; strain to his marriage; humiliation; intimidation;

and lost concentration at work.

## SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

37.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

38.     New York GBL § 349 makes unlawful deceptive acts or practices in the conduct of any

business, trade or commerce, or in the furnishing of any service in this state.

39.     The conduct complained of occurred during, and in furtherance of, Defendants' for-profit

business enterprise of pursuing consumers for alleged defaulted debt obligations.

40.     At all times material to this complaint, Defendants' deceptive acts and practices that gave

rise to the claims herein occurred while Defendants conducted their business of collecting

consumer debts.

41.     Defendants' acts and practices have been directed entirely at consumers. Defendants'

acts and practices have broad impact on the New York consuming public.

42.     Defendants' collection acts are part of a recurring practice against large numbers of

consumers in furtherance of its business model of increasing debt volume while decreasing the

cost of each case, thus enhancing profitability.

43.     Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of federally guaranteed rights. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

44.     The above allegations incorporated into this claim for relief constitute deceptive acts and practices.

45.     Some of the FDCPA violations alleged in this complaint amount to per se violations of GBL § 349.

46.     Plaintiff's actual pecuniary damages include but are not limited to: interest and fees on the funds unlawfully taken from Plaintiff's bank account by way of garnishment; counsel fees for bringing the Order to Show Cause in the State Action, two adjournments and a attend a traverse hearing; Plaintiff's missed time from work to confer with counsel and attend the traverse hearings; international travel between New York and Montenegro, to which Plaintiff had moved by the time of the traverse hearing; taxi costs to and from the respective airports; lodging expenses for Plaintiff during his stay in New York; credit harm from the unlawfully placed judgment; photocopying and mailing costs associated with defending against the case wrongfully brought against him.

47.     The plaintiff's actual non-pecuniary damages include but are not limited to sleep deprivation; constant anxiety; nervousness; fear; worry; fright; shock; strain to his marriage; humiliation; intimidation; and lost concentration at work.

48.     As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring the Defendants from engaging in deceptive acts and practices, and to actual damages,

three times actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

WHEREFORE, Plaintiff respectfully requests a trial by jury and also requests that judgment be entered against Defendants for the following:

A.     On the FIRST CLAIM FOR RELIEF, under the FDCPA, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

B.     On the SECOND CLAIM FOR RELIEF, under NYGBL § 349, a declaratory judgment that Defendants violated the NYGBL § 349, actual damages, three times actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and

C.     For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 15, 2012

Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel. 646-290-5600

10

**From: Gary Kavulich** gkavulich@kavulichandassociates.com
**Subject: FW: 84th Realty LLC v. Hasanqjekiq: Our File No. 2792**
**Date:** October 5, 2010 1:45 PM
**To:** jusulahmetaj@gmail.com

I am writing again (see below) as you have not responded twice now. The first was pursuant to our conversation last Wednesday evening. The 2nd non-response was to my email below. If you provide me with your address, I will send Becir's check to that address. If I do not hear from you by the end of business Friday, October 8, 2010, I will be sending the check to his Ocean Avenue address.

Thank you

-----Original Message-----
From: gary kavulich [mailto:gkavulich@hotmail.com]
Sent: Wednesday, September 29, 2010 11:15 PM
To: gkavulich@kavulichandassociates.com
Subject: Fw: 84th Realty LLC v. Hasanqjekiq: Our File No. 2792

Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: gkavulich@kavulichandassociates.com
Date: Thu, 30 Sep 2010 03:01:51
To: <gkavulich@hotmail.com>
Subject: Fw: 84th Realty LLC v. Hasanqjekiq: Our File No. 2792

Sent from my Verizon Wireless BlackBerry
From: gkavulich@kavulichandassociates.com
Date: Wed, 29 Sep 2010 23:08:54 +0000
To: jusuf<jusufahmetaj@gmail.com>
ReplyTo: gkavulich@kavulichandassociates.com
Subject: Re: 84th Realty LLC v. Hasanqjekiq: Our File No. 2792
We spoke about this so I don't understand your message - just send me your address and we'll send you Becir's check for our share. As agreed, I will get back to you sometime next week when I hear from my client. Thanks
Sent from my Verizon Wireless BlackBerry
From: "jusuf" <jusufahmetaj@gmail com>
Date: Wed, 29 Sep 2010 19:00:51 -0400
To: <gkavulich@kavulichandassociates.com>
Subject: Re: 84th Realty LLC v. Hasanqjekiq: Our File No. 2792

Hey Gary,

Tried calling you today and could not reach you. Did you come up with a solution? Hope to hear from you soon.

Jusuf

CIVIL COURT OF THE CITY OF NEW YORK
County of __Kings__   Part __39__

Index No. 14509/08

**STIPULATION OF SETTLEMENT**

84ᵀᴴ Realty LLC

Plaintiff(s)

ENTERED & FILED

-against-

AUG 22 2012

[name] Hasan Jerich
Begin Hasan Greteh
Defendant(s).

CIVIL COURT
KINGS COUNTY

It is hereby stipulated and agreed by and between the parties that the above-referenced action is settled as follows:

1) The Default Judgment Against ~~...~~ Beer Hasan Greteh (DoB 5/1/43) is hereby Vacated w/ Prejudice as to Beer Hasan Greteh (5/1/43)

2) Plaintiff shall remit payment of any and all money owed ~~Beer Hasan Greteh (5/1/43).~~ w/in 30 days of this Settlement

3) Certificate of [Attorney] Clerk shall be sent to 73-11 #15 T ...... by #4410467

4) Upon receipt of the aforementioned amount, Plaintiff and Beer Hasan Greteh (5/14/43) ~~...~~ and all claims against one another. Plaintiff also ...... claim against the Defendants ...... 8/1/10

| Signature | Date | Signature | Date |
|---|---|---|---|
| | 8-22-12 | | |
| Signature | Date | Signature | Date |

Page __1__ of __1__

CIV-GP-32 (Revised December, 2005)